IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW SMITH, AJ-2519, )
    Petitioner, )
     )
    v. ) Civil Action No. 05-1513
     )
SUPT. DAVID DIGUGLIELMO, et al., )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the respondents' Motion to Dismiss (Docket No. 6) be granted and that the petition of Matthew Smith for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.

II. Report:

Presently before the Court for disposition is a motion to dismiss filed on behalf of the respondents.

Matthew Smith, an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.[1] In his petition, Smith sets forth that on some unknown date he entered a plea of guilty to charges of robbery in the Court of Common Pleas of Beaver County at No. 8711-1639

---

[1] This petition was originally filed in the United States District Court for the Eastern District of Pennsylvania where the petitioner is incarcerated and transferred to this Court since it relates to a Beaver County conviction.

(November Term 1987), and was sentenced to a three to ten year period of incarceration.[2] Since it is not the conviction itself which the petitioner seeks to challenge here but rather the fact that he still remains incarcerated on that sentence, on November 7, 2005, an Order was entered directing the respondent and the Attorney General of Pennsylvania to respond and show cause, if any, why the relief sought should not be granted. The Respondents have now moved to dismiss on the grounds that the petition is moot since Smith has already served his maximum sentence; that he has failed to exhaust the available state court remedies; that the petition is time barred; that the petition is subject to dismissal under Rules 2 and 11 of the Rules Governing §2254 cases and that the petition is barred by Rule 12, F.R.Civ.P.

> It is provided in 28 U.S.C. §2254(b) that:
>
> An application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. (Emphasis added).

In support of the motion to dismiss, the respondents have submitted portions of the relevant records which demonstrate that on October 26, 1988, the petitioner was sentenced on the robbery charge to a period of incarceration of three to ten years[3]; that he was subsequently sentenced on February 5, 1991, to a nine month to two year period of incarceration on other charges[4]; that the plaintiff's minimum sentence expired on August 15, 1991 and his maximum

---

[2] See: Petition at ¶¶ 1-5.

[3] See: Attachment A to the Motion.

[4] Id.

expired on November 15, 1999[5]; that he was released on parole on June 19, 1992[6]; that as a result of a conviction entered on June 7, 1999 while on parole, he was recommitted as a convicted parole violator with a new maximum sentence date of October 10, 2005 on the first two convictions[7]; that an additional sentence of ten to twenty-two years was also imposed for the offense committed while on parole[8]; that accordingly his original maximum sentence was extended to October 10, 2005[9] and that as a result, the petitioner has completed service of his original sentences and is now serving the new sentence imposed for the offense committed while on parole. Thus, the respondents argue, the sentence about which the petitioner complains has expired, is no longer a basis for his custody, and for this reason there is no relief which may be granted.[10]

> In his petition, Smith alleges that:
>
> On October 26, 1988, Judge Kunselman sentenced Petitioner to a term of 3-10 years imprisonment for the charge of Robbery, in which he was arrested for on November 15, 1987. After serving 5 years of this sentence, Petitioner was released on parole on June 19, 1982. That on November 15, 1997 Petitioner's maximum sentence on the 3-10 year sentence expired. However, five months after its expiration, Petitioner was arrested on May 4, 1998 for the charge of robbery. However, since his arrest on May 4, 1998, Petitioner has been in custody serving

---

[5] Id.

[6] See: Attachment C to the Motion.

[7] Id.

[8] Id.

[9] See: Attachments B and C to the Motion.

[10] We note without commenting that the instant petition was filed in the United States District Court for the Eastern District of Pennsylvania on September 11, 2005, prior to the expiration of the petitioner's original sentence, and for this reason would meet the "custody" requirements of the Act.

time on the 3-10 year sentence that expired almost 8 years after the expiration. He has not been able to start serving the 10-20 year sentence imposed by the Court for his May 4, 1998 arrest.[11]

That is, the petitioner alleges that his initial sentence commenced at the time of his arrest on November 15, 1987 and that therefore his maximum sentence expired on November 15, 1997. Since he was not arrested until May 4, 1998, his prior sentence could not have been reinstated since it had already expired. However, he appears to be failing to recognize that during his imprisonment on the 3-10 year sentence he was convicted of riot and sentenced to an additional nine month to two year sentence. For this reason, his maximum sentence expired on November 15, 1999. This fact is noted on his sentence status summary.[12] As a result, he was still on parole when he was arrested on May 4, 1998, and it would appear that his parole violation was properly invoked and his original sentence extended to October 10, 2005. For this reason, it would appear that his factual allegation is without merit, and since he is no longer in custody on the sentence about which he complains, he is not entitled to relief here. Lackawanna v. Coss, 532 U.S. 394 (2001).

However, we also note that the petitioner has not attempted to raise the issue of the alleged improper calculation of his sentence in the courts of the Commonwealth

Section 2254 of Title 28, U.S.C. represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S.

---

[11] See: Petition at page 9.

[12] See: Attachments A and C to the Motion.

484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's

5

decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is readily apparent that by his own admission, the petitioner has not attempted to raise the issue in the Pennsylvania courts.[13] Since, Pennsylvania still permits such issues to be raised in petitions for extraordinary relief, there are remedies available which remain unexhausted.[14]

Accordingly, for either reason or both, it is recommended the respondents' Motion to Dismiss (Docket No. 6) be granted and that the petition of Matthew Smith for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.[15]

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[13] See: Petition at page 9.

[14] The petitioner appears to believe that the only remedy available to him is the post-conviction hearing act which he claims is unavailable since his sentence has expired.

[15] Because of the disposition recommended here, we need not address the other issues raised by the respondents.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Robert C. Mitchell, |
| Entered: November 29, 2005 | United States Magistrate Judge |